Marie-Ann Greenberg, MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ  07004-1550
973-227-2840
Chapter 13 Standing Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:

JUAN F CRESPO

Case No.:  18-23106VFP

HEARING DATE:  11/15/2018 at 10:00 am

### TRUSTEE'S OBJECTION TO MOTION TO REINSTATE CHAPTER 13 BANKRUPTCY

   Marie-Ann Greenberg, the Chapter 13 Standing Trustee objects to the Motion to Reinstate in the instant matter.  The Bankruptcy Code does not contain a provision governing reinstatement of Title 11 cases. Instead, our Circuit and sister Circuits treat motions to reinstate as a request to vacate the order of dismissal. Thus, the rules and case law of F.R.C.P. 60 apply to the instant Motion.  *In re Lampman,* 494 B.R. 218, 222 (Bankr. M.D. Pa., 2013) (*citing numerous other cases*).  The party "who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967).

> Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *In re Lampman,* 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).

- In reviewing debtor's certification none of the above grounds are specifically pleaded.  It can be argued that only Rule 60(b)(1) and (b)(6) can be implied to this specific matter.  In the case at hand a dismissal order was entered on October 23, 2018 when the debtor failed to provide the required documents to conduct a meaningful 341 as elaborated in the Trustee's objection to confirmation filed on July 25, 2018 .  To date the debtor has yet to supply a single document to the Trustee to verify income contained on Schedule I.  In addition, in rem relief was granted on one of the parcels of property owned by the debtor (see docket #36).  Further, creditors have objected to both confirmation and loss mitigation in this matter all of which have gone unaddressed by the debtor.  In order to reinstate a case the very reason for dismissal must be addressed and rectified, no such proffer has been made.  This case has now been in bankruptcy for five months without any prospect of forward progress.
- It should also be noted that the debtor makes no reference to plan payments.  As of the return date of this motion two plan payments will be due and owed.
- Finally, and most troubling, due to the debtor's inability to submit all missing documents and a Chapter 13 plan the Trustee has been unable to "call a meeting of creditors not more than 50 days after the order for relief" (see FRBP 2003(a)).  As the Trustee was unable to call a meeting within this designated timeline the case should remain dismissed.

It is for these reasons and any others the Court deems fit that the Motion to Reinstate should be denied.  In addition, the Trustee requests $500.00 for fees, to be paid directly by debtor's counsel,  for the time taken to review and object to this meritless motion.

Dated:  November 05, 2018

By:  /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee